Although I agree with the majority opinion in this case, I concur specially to express my concern for the possibility of abuse which exists when a tenured teacher (or soon-to-be-tenured teacher) is dismissed and then offered re-employment in a non-tenured, probationary capacity. Such situations may occur whenever a teacher is subject to dismissal under the terms of Ala. Code 1975, § 16-24-8; however, such situations also may be the result of coercion or other unfair practices, leaving a teacher with the "choice" of accepting a non-tenured position or possibly facing unemployment.
I am in no way implying that the treatment of Kilgore in this case was based on any such unfair practices. In fact, the Board, as quoted by the majority, specifically found that "Kilgore had resigned in a knowing, voluntary fashion and not coerced." Local boards of education and trial courts must be careful to make these types of findings. As stated by the legislature in § 16-24-8, a tenured teacher may be dismissed for incompetency, insubordination, etc., "but cancellation may not be made for political or personal reasons."
Because I agree with the majority's analysis in this case, I concur in its affirmance of the trial court's denial of Kilgore's petition for a writ of mandamus.